IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SHERRY WATKINS, <br><br>  Plaintiff, <br><br> v. <br><br> ALGOA CORRECTIONAL FACILITY <br><br> MISSOURI DEPARTMENT OF CORRECTIONS, <br><br> ANNE PRECYTHE, in her individual capacity, <br><br> KELLY MORRISS, in his individual capacity, and <br><br> CORIZON, LLC <br><br>  Defendants. | Case No. 2:21-cv-04166-NKL |

## ORDER

Before the Court are motions to dismiss by Defendants Algoa Correctional Facility, Missouri Department of Corrections, Anne Precythe, and Kelly Morriss,[1] Doc. 20, and by Defendant Corizon, LLC. Doc. 5. Defendants argue that the complaint filed by Sherry Watkins, Doc. 1, should be dismissed for failure to state a plausible claim for relief. For the reasons stated below, the motions to dismiss are granted.

I. Background

Watkins alleges that Paul Harrison, her husband, was an inmate at Algoa Correctional Center. Doc. 1 (Complaint), ¶ 9. While incarcerated, Harrison contracted coronavirus and died.

---

[1] These Defendants will collectively be referred to as the "State Defendants."

1

Watkins claims Defendants both failed to protect Harrison from contracting coronavirus and refused to provide him medical treatment after he contracted coronavirus. *Id.* at ¶¶ 13-31.

## II. Legal Standard[2]

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). To survive a motion to dismiss, a complaint therefore does not need detailed factual allegations but must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint is plausible if its "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quotation omitted).

When deciding a motion to dismiss, the Court accepts the factual allegations contained in the complaint as true and liberally construes the allegations in favor of the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021).

---

[2] Watkins indicates that her claims are acceptable under Missouri's pleading standards. However, the federal pleading standards apply because Watkins filed her claim in federal court.

**III. Discussion**

  **A. Whether Watkins' Claims Should Be Dismissed Because of the Collective Pleading**

In both motions to dismiss, Defendants argue that Watkins has failed to state a plausible claim because her allegations are against "Defendants" or "[o]ne or more Defendants." Defendants cite to *Twombly* and *Iqbal* to support their argument, but those seminal cases say nothing about whether a plaintiff can plausibly state a claim against a group of defendants through collective pleading. Indeed, as *Twombly* noted, to satisfy Rule 8(a)(2), Watkins is required only to plead a "short and plain statement of the claim . . . to give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *see also Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) ("*Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2).").

To suggest otherwise, Defendants also cite to *Henningfeld v. Tippen*, No. 1:21-cv-00033-SNLJ, 2021 WL 2989615 (E.D. Mo. July 15, 2021), and *C. Pepper Logistics, LLC v. Lanter Delivery Sys., LLC*, No. 4:20-CV-01444-MTS, 2021 WL 3725680 (E.D. Mo. Aug. 23, 2021). In *Henningfield*, the court stated, "It is not enough for [a] plaintiff to make general allegations against all the defendants as a group." *Id.* at *4. In *C. Pepper Logistics, LLC*, the district court determined that a complaint which "lump[s] basically all the Defendants together in each allegation . . . do[es] not provide any clarity as to which [d]efendants [p]laintiffs allege engaged in conduct." The Court does not find the above cases persuasive.

Allegations that "Defendants" or "[o]ne or more Defendants" committed the misconduct alleged in a complaint can provide every defendant with fair notice of the claims against them and the grounds upon which they rest because the allegations indicate that each defendant could be liable for any of the allegations in the complaint. *See Ash v. Anderson Merchandisers, LLC*, 799

3

F.3d 957, 961-62 (8th Cir. 2015) (holding that plaintiffs "were not required to determine conclusively which of the" listed defendants was the plaintiffs' employer, and therefore liable for the Fair Labor Standards Act violation, because a "plaintiff will often be unable to prove definitively the elements of the claim before discovery, particularly in cases where the necessary information is within the control of the defendants").

However, a plaintiff's collective allegations must still state a plausible claim for relief to survive a motion to dismiss. *Id.* Watkins' collective allegations fail to state a plausible claim for relief against Algoa Correctional Facility, the Missouri Department of Corrections, and Corizon because Plaintiffs allege that "[e]ach party in this Complaint is being named in their individual capacity." Doc. 1, ¶ 4. Since the institutional Defendants are not individuals and could not have individually participated in any of the alleged misconduct, the allegations against them are not plausible. The claims against these Defendants are dismissed without prejudice.

### B. Whether Watkins Has Stated a Claim Against the Individual Defendants

Morriss and Precythe argue that even if collective pleading is sufficient, Watkins has failed to state a claim for deliberate indifference against them.[3]

To state a claim for deliberate indifference Watkins must allege that her husband suffered from an objectively serious medical need that Defendants knew of but deliberately disregarded. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Allison v. Lombardi*, No. 2:13-CV-04245-NKL, 2014 WL 1343096, at *2 (W.D. Mo. Apr. 4, 2014). If the risk of harm to Harrison was obvious, then a fact finder can infer that the prison official knew

---

[3] The State Defendants also argue that Watkins has failed to state a claim for deliberate indifference against Algoa Correctional Facility and the Missouri Department of Corrections. Since the Court is dismissing the claim against the institutional defendants for the reasons stated above, the Court will only analyze this argument as it relates to the individual defendants.

4

their actions posed a serious risk to Harrison's health. *Schaub v. VonWald*, 638 F.3d 905, 915 (8th Cir. 2011).

However, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of respondent superior. *Iqbal*, 556 U.S. at 676. Rather, a plaintiff must allege that the government officials were personally involved in the constitutional violation, tactility approved of their subordinate's known unconstitutional conduct, or approved a policy or directive that led to a constitutional deprivation. *Brown v. Mo. Dep't of Corr.*, 353 F.3d 1038, 1040 (8th Cir. 2004).

Precythe is the director of the Missouri Department of Corrections, and Morriss is the warden of Algoa Correctional Facility. In Count I, Watkins alleges that Morriss and Precythe are liable for a violation of the Eighth Amendment because "[o]ne or more Defendants" knew coronavirus exposure posed a serious medical risk, yet "[o]ne or more Defendants" adopted insufficient or improper measures to protect Harrison from coronavirus exposure. *See* Doc. 1, ¶¶ 13-22. In Count II, Watkins alleges that Morriss and Precythe are liable for a violation of the Eighth Amendment because they knew Harrison needed medical care to protect him from being infected with coronavirus and to treat him once he contracted coronavirus but refused to provide Harrison treatment. Doc. 1, at ¶¶ 23-30. Watkins alleges that the Defendants were thereby liable under both counts for deliberate indifference. Additionally, Watkins alleges that Defendants are liable under both counts because they "failed on a continuing basis to train, instruct, supervise, control and discipline . . . staff . . . and that said failure was the result of the policies and or the customs and practice of the aforementioned Defendants." Doc. 1, ¶ 2. Watkins alleges that Harrison died due to Defendants' failure to protect him or provide him with medical care. Doc. 1, ¶¶ 10, 21, 29-30.

The allegations fail to state a claim against Morriss and Precythe and the claims against them will be dismissed. Watkins argues that Morriss and Precythe are liable because they were one of the "Defendants" who implemented the policies that insufficiently protected inmates from coronavirus and inadequately trained, disciplined, and oversaw their staff. However, Watkins' allegation that Morriss and Precythe adopted insufficient measures to protect Harrison from coronavirus or that they improperly trained and oversaw their staff does not state a claim for deliberate indifference because there are no allegations that Morriss or Precythe knew, or should have known, that their policies or trainings posed a serious risk to any inmate's health. *See Moyle v. Anderson*, 571 F.3d 814, 818-19 (8th Cir. 2009) (dismissing deliberate indifference claims for failure to protect an inmate because there was no allegation that defendants knew or should have known their policy was insufficient); *Thelma D. By & Through Delores A. v. Bd. of Educ. of City of St. Louis,* 934 F.2d 929, 934 (8th Cir. 1991) (holding a plaintiff must allege that the defendants knew their training was insufficient to state a claim for deliberate indifference).

Additionally, it is not plausible that individuals in Morris and Precythe's positions would be personally involved with, or tacitly approve of, the decision to refuse to provide Harrison medical care. Such decisions are usually handled by lower level staff members such as correctional officers, or health care personnel, and there are no factual allegations to support the inference that this was an unusual situation. *See Balducci v. Mo. Dep't of Corr.,* No. 2:21-CV-04022-NKL, 2021 WL 4206623, at *5 (W.D. Mo. Sept. 15, 2021) (holding it was not plausible that the warden of the prison or that a correctional officer's supervisor would have performed the "ministerial tasks" of conducting timed checks of inmates or ensuring the inmates were left alone).

## IV. Whether the Claims Should Be Dismissed with Prejudice

In Watkins' response brief, she asked for the Court to grant her leave to amend her complaint if the complaint was deficient. Leave to amend should be given freely when justice requires. Fed. R. Civ. Proc. 15(a)(2). However, leave should be denied when there are compelling reasons "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Hammer v. City of Osage Beach, Mo.*, 318 F.3d 832, 844 (8th Cir. 2003) (citation omitted). There is no evidence that Watkins has acted in bad faith or that any amendment will cause undue prejudice to Defendants. Nor have there been repeated failures to cure deficiencies. Additionally, at this stage, the Court does not find granting leave to amend would be futile. The Court therefore grants Watkins leave to amend.

## V. Conclusion

For the reasons stated above, Corizon's motion to dismiss, Doc. 5, and State Defendants' motion to dismiss, Doc. 20, are granted. Watkins may, within sixty days, file an amended complaint.

**IT IS SO ORDERED**.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: February 14, 2022
Jefferson City, Missouri